Yelly **TAMBADOU**, Petitioner,

v.

Michael B. **MUKASEY**,[1] United States Attorney General, Respondent.

No. 07–3373–ag.

United States Court of Appeals, Second Circuit.

March 27, 2008.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Ronald S. Salomon, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; M. Jocelyn Lopez Wright, Assistant Director; Mona Maria Yousif, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. JOSÉ A. CABRANES and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Yelly Tambadou, a citizen of Mauritania, seeks review of a July 10, 2007 order of the BIA affirming the November 29, 2005 decision of Immigration Judge ("IJ") Paul A. DeFonzo, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yelly Tambadou,* No. A95 383 937 (B.I.A. Jul. 10, 2007), *aff'g* No. A95 383 937 (Immig. Ct. N.Y. City Nov. 29, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

This Court reviews the IJ's decision as modified by the BIA decision, "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). Here, despite the

IJ's pretermission of Tambadou's application for asylum, the BIA assumed that he met an exception to the one-year bar. *See* 8 U.S.C. § 1158(a)(2)(B), (D). Thus, we consider Tambadou's challenge to the denial of his application for asylum, withholding of removal, and CAT relief.

The agency's "findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B), but we will vacate and remand for new findings if the agency's reasoning or its factfinding process was sufficiently flawed, *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004).

■ We affirm the IJ's adverse credibility determination in this case as supported by substantial evidence. *See Zaman v. Mukasey*, 514 F.3d 233, 235 (2d Cir.2008) (per curiam). The IJ expressed concern about inconsistencies between Tambadou's written application and his testimony. Specifically, the IJ noted that Tambadou had failed to mention in his application that either he or any of his family members were mistreated on the truck that took them to a camp near the Senegal border. However, Tambadou later testified that his "father was whipped ... inside the truck in front of [him]."

The IJ also noted that Tambadou had alleged in his written application that, when the Mauritanian soldiers took him to "a place that looked like a camp," he "was beaten and mistreated by the guards." However, Tambadou testified that he "was not beaten," and that it was possible that "the person who wrote the application made an error."

■ We have held that, to form the basis of an adverse credibility determination, a discrepancy must be "substantial" when measured against the record as a whole. *See Secaida–Rosales v. INS*, 331 F.3d 297, 308–09 (2d Cir.2003). The inconsistencies noted by the IJ are "substantial" as they concern the abuse he and his family members allegedly suffered on account of their ethnicity and, therefore, go to the heart of his claim. *See id.* Because the agency's adverse credibility determination was supported by substantial evidence, its denial of asylum was proper.

Inasmuch as Tambadou based his claims for withholding of removal and CAT relief on the same factual predicate as his asylum claim, and the IJ properly found that this evidence lacked credibility, his withholding of removal and CAT claims necessarily fail. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED.